UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LARRY L. FULLENWIDER,               :
                                    :
          Petitioner,               :    Civ. No. 16-8131 (NLH)
                                    :
     v.                             :    OPINION
                                    :
UNITED STATES OF AMERICA            :
                                    :
          Respondent.               :
_____:

APPEARANCES:
Larry L. Fullenwider, No. 64635-050
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837
     Petitioner Pro se

Alisa Shver, Assistant U.S. Attorney
U.S. Attorney's Office District of New Jersey
401 Market Floor
4th Floor
Camden, NJ 08102
     Attorneys for Respondent

HILLMAN, District Judge

     Petitioner Larry L. Fullenwider ("Petitioner") filed a

Motion to Vacate, Set Aside or Correct a Federal Sentence

pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").  ECF No. 1.

Presently before the Court is Respondent United States of

America's ("Respondent") Amended Motion to Dismiss.  ECF No. 8.[1]

---

[1] The motion to dismiss was originally incorrectly submitted as
an answer.  See ECF No. 4.  Respondent subsequently corrected
their motion on the docket.  ECF No. 8.  Petitioner submitted
his response to the motion before Respondents resubmitted their
motion.  ECF No. 5.  The amended motion is identical to the one

For the reasons that follow, the Amended Motion to Dismiss will be granted.

**I. BACKGROUND**

On September 2, 2014, Petitioner pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. 1349. Plea Agreement, United States v. Fullenwider, No. 1:10-cr-510 (D.N.J. Sept. 2, 2014), ECF No. 185. As part of the plea agreement, Petitioner agreed to waive his appellate and post-conviction rights in the event he received a sentence of 46 months or less. Plea Hearing Tr., Fullenwider, No. 1:10-cr-510 (D.N.J. Sept. 2, 2014), ECF No. 264 at 50:6 to 51:25; ECF No. 185 at p. 8 (waiving in Schedule A of plea agreement appellate and post-conviction rights to challenge a sentence within or below the range of a total offense level of 21 (37-46 months)(United States Sentencing Guidelines effective Nov. 1, 2013, Criminal History Category I)).

The Honorable Jerome B. Simandle, U.S.D.J., conducted Petitioner's sentencing hearing on May 13, 2015 and sentenced Petitioner to a term of 46 months of imprisonment with three years of supervised release. Judgment of Conviction, Fullenwider, No. 1:10-cr-510 (D.N.J. May 13, 2015), ECF No. 281.

---

to which Petitioner previously responded.

Petitioner did not file a direct appeal or a petition for writ of certiorari with the Supreme Court of the United States. ECF No. 1 at 4.

Petitioner filed a motion to vacate, set aside or correct his federal sentence pursuant to 28 U.S.C. § 2255 on October 26, 2016. ECF No. 1. Petitioner filed his memorandum of law on December 9, 2016, arguing that Amendment 794 of the Sentencing Guidelines should be applied retroactively to his sentence. ECF No. 3. Amendment 794 amends U.S.S.G. § 3B1.2 (Mitigating Role) and became effective on November 1, 2015, six months after Petitioner was sentenced. Id. at 12.

Respondent United States moves to dismiss the § 2255 motion as time-barred, prohibited by the plea agreement, and as without merit. ECF No. 8. Petitioner argues that his motion is timely under § 2255(f)(3) because it was filed less than one year after Amendment 794 became effective. ECF No. 5 at 3. He asserts that the facts of his case support retroactive application of the amendment to give him a minor role adjustment. Id. at 9-13.

**II. DISCUSSION**

Petitioner raises one ground for relief in his § 2255 motion: that he is entitled to a downward adjustment pursuant to Amendment 794 of the Sentencing Guidelines due to his mitigating role in the crime for which he was sentenced. Section 2255

provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record demonstrates that Petitioner is not entitled to relief on his claims.

Assuming without deciding that the motion is timely under § 2255(f), Petitioner's § 2255 motion is barred by his plea agreement with the United States. "Waivers in plea agreements are neither new nor unusual, and we have long enforced their terms." United States v. Damon, 933 F.3d 269, 272 (3d Cir. 2019). "[W]aivers of appeals should be strictly construed" and "if entered into knowingly and voluntarily, are valid." United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). The Court will not review the merits of Petitioner's § 2255 motion if: "(1) the issues raised fall within the scope of the appellate

4

waiver; and (2) [Petitioner] knowingly and voluntarily agreed to the appellate waiver; unless (3) enforcing the waiver would 'work a miscarriage of justice.'" United States v. Erwin, 765 F.3d 219, 225 (3d Cir. 2014) (quoting United States v. Grimes, 739 F.3d 125, 128–19 (3d Cir. 2014)), cert. denied, 136 S. Ct. 400 (2015).

Petitioner agreed to waive his appellate and post-conviction rights, including motions under § 2255, in the event he received a sentence of 46 months or less. Petitioner's plea agreement stated in relevant part:

> Larry L. Fullenwider knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to and appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.
>
> . . . .
>
> The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.

Plea Agreement, Fullenwider, No. 1:10-cr-510 (D.N.J. Sept. 2, 2014), ECF No. 185 ¶¶ 8-9. at 50:6 to 51:25. Judge Simandle reviewed the agreement in full during the Rule 11 plea colloquy, including the wavier provisions. See Plea Hearing Tr., Fullenwider, No. 1:10-cr-510 (D.N.J. Sept. 2, 2014), ECF No.

264. Judge Simandle explained the difference between a direct appeal and a motion under § 2255, and informed Petitioner on the record: "Paragraph 8 [of the plea agreement] says you would give up your right to seek postconviction relief as long as your sentence is not greater than Level 21, and again that's up to 46 months." Id. at 51:9-12. Petitioner confirmed that was his understanding of the waiver. Id. at 51:14. The record establishes that Petitioner entered into the Plea Agreement knowingly and voluntarily. The waiver is clearly described in the stipulations of the Plea Agreement, and Petitioner confirmed to Judge Simandle that he read and understood all of the stipulations in the Plea Agreement and had discussed them with his attorney. Id. at 52:1-12.

Moreover, enforcing the waiver in this case would not result in a miscarriage of justice. Courts in this circuit have consistently determined that Amendment 794 has not been made retroactive. See United States v. Spruill, 774 F. App'x 92, 94 (3d Cir. 2019) (per curiam) (denying relief under 18 U.S.C. § 3582 because "Amendment 794 . . . which took effect after [petitioner's] sentencing, has not been made retroactive") (citing U.S.S.G. § 1B1.10(d)); United States v. Brown, 694 F. App'x 62, 64 (3d Cir. 2017) (per curiam) ("[T]he Sentencing Commission has not listed Amendments 791, 792, or 794 in

6

U.S.S.G. § 1B1.10(d) as amendments that apply retroactively.");
see also Polo v. United States, No. 16-5137, 2019 WL 3416895, at
*3 (D.N.J. July 29, 2019) ("Amendment 794 is not 'retroactive'
in any sense that would aid the petitioner here. It cannot be
asserted to adjust a sentence in collateral proceedings where
judgment is final."); Figueroa v. United States, No. 16-8081,
2019 WL 3765427, at *4 (D.N.J. Aug. 9, 2019) (denying relief
under 28 U.S.C. § 2255).  Since Petitioner is not entitled to
retroactive application of Amendment 794, enforcing the waiver
provision of his plea agreement will not amount to a miscarriage
of justice.  Therefore, the Court will enforce the waiver and
grant the motion to dismiss.

### III. CERTIFICATE OF APPEALABILITY

Section 2253 provides that an appeal may not be taken to
the court of appeals from a final order in a § 2255 proceeding
unless a judge issues a certificate of appealability on the
ground that "the applicant has made a substantial showing of the
denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The
Supreme Court held in Slack v. McDaniel that "[w]hen the
district court denies a habeas petition on procedural grounds
without reaching the prisoner's underlying constitutional claim,
a COA should issue when the prisoner shows, at least, that
jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000) (emphasis added).

This Court will deny a certificate of appealability because jurists of reason would not find it debatable that Petitioner's argument is covered by the collateral attack provision and that the waiver provisions should be enforced.

**IV. CONCLUSION**

For the above reasons, Respondent's motion to dismiss will be granted. No certificate of appealability shall issue. An appropriate Order follows.


Dated: <u>November 6, 2019</u>     <u>  s/ Noel L. Hillman  </u>
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.